[Cite as *Phillips v. Yun*, 2016-Ohio-2665.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Hyang Suk Phillips

      Appellant

v.

Ada M. Yun, et al.

      Appellees

Court of Appeals No. L-15-1246

Trial Court No. CI0201305744

**DECISION AND JUDGMENT**

Decided:  April 22, 2016

* * * * *

Bradley R. Waugh, for appellant.

Jacob M. Lowenstein, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Plaintiff-appellant, Hyang Suk Phillips, appeals the July 1, 2015 judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, Ada M. Yun, finding that she had no personal liability involving the contract between the parties.  For the reasons set forth herein, we reverse.

**{¶ 2}** On August 8, 2006, appellant and appellee executed a six-year commercial leasing agreement. Above the signature line for the lessor, Timeritas Properties, LLC was listed as the lessor, while appellee's name appeared beneath the signature line listed as "Ada M. Yun Member." John F. Parrish signed as power of attorney for appellee. Appellant paid a security deposit of $60,000; the check was made payable to appellee, "Ada M. Yun."

**{¶ 3}** In October of 2012, appellee's counsel served notice to appellant requesting she vacate the premises by November 30, 2012. Appellant returned the keys and possession of the property on December 12, 2012. On December 27, 2013, appellant commenced this lawsuit against appellee, "d.b.a. Timeritas Properties LLC," and individually, alleging breach of contract based upon their refusal to return appellant's $60,000 security deposit and unjust enrichment. Appellant sought to hold appellee personally liable for the return of the security deposit.

**{¶ 4}** Appellee filed a counterclaim seeking compensation for damages to the property and back rent. Both parties filed motions for summary judgment on the issue of whether appellee could be held personally liable for the security deposit. The trial court found that as a matter law appellee could not be held personally liable for the contract, because she represented an actual entity, Timeritas Capital Group, LLC, even if it was incorrectly identified by the fictitious name of Timeritas Properties, LLC. Appellant filed a timely notice of appeal, and raises two assignments of error:

2.

Assignment of Error No. 1: The trial court erred as a matter of law in determining that appellee, Ada M. Yun, had no personal liability to appellant under the lease agreement.

Assignment of Error No. 2: The trial court committed error as a matter of law by granting appellee, Ada M. Yun's motion for summary judgment despite the existence of genuine issues of material fact.

{¶ 5} The standard of review on motions for summary judgment is de novo; that is, an appellate court applies the same standard in determining whether summary judgment should be granted as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 6} Under Civ.R. 56, to prevail on a motion for summary judgment the moving party must demonstrate:

(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 7} Appellant's assignments of error are related and will be jointly addressed. In the trial court, the parties' briefs focused on the nature of the LLC, the fictitious

3.

name/fraud arguments, they gave little analysis of the relationship between appellee and the LLC. R.C. 1705.48 addresses the issue of personal liability of member and managers of an LLC; it states, in part:

Except as otherwise provided by this chapter or any other provision of the Revised Code, including, but not limited to, sections 3734.908, 5739.33, 5743.57, 5747.07, and 5753.02 of the Revised Code, all of the following apply:

(A) The debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the limited liability company.

(B) Neither the members of the limited liability company nor any managers of the limited liability company are personally liable to satisfy any judgment, decree, or order of a court for, or are personally liable to satisfy in any other manner, a debt, obligation, or liability of the company solely by reason of being a member or manager of the limited liability company.

(C) Nothing in this chapter affects any personal liability of a member of a limited liability company or any manager of a limited liability company for the member's or manager's own actions or omissions.

**{¶ 8}** In the present matter, we find that questions of fact remain regarding the relationship between appellee and Timeritas.[1]  Although appellee asserts that she acted in her capacity as a member of Timeritas when she executed the lease, the record demonstrates that appellee was the owner of the property in question, the check for the $60,000 security deposit was made out to appellee, not Timeritas, and the monthly rent payments were made to PPM Group, Ltd., a property management company.  As a non-owner of the property, it could be argued that Timeritas could not be considered a principal for whom the appellee acted and was instead an agent of appellee.

**{¶ 9}** Arguments regarding agency were raised in the trial court.  Questions remain as to whether Timeritas acted as an agent/landlord for the principal owner, appellee, and whether the acts of Timeritas are binding on appellee.  Further, even assuming that appellee entered the transaction purely as a member of Timeritas, the issue of whether appellee's acts or omissions subject her to liability through piercing of the corporate veil still remains.  *See Baraby v. Swords*, 166 Ohio App.3d 527, 2006-Ohio-1993, 851 N.E.2d 559 (3d Dist.), applying the test set forth in *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993); *Siva v. 1138 LLC*, 10th Dist. Franklin No. 06AP-959, 2007-Ohio-4667.  Accordingly, we

---

[1] This court makes no finding as to whether Timeritas Properties LLC and Timeritas Capital Group LLC are the same entity.  "Timeritas" refers to appellee's purported principal.  There are a plethora of unknown facts, so at this time we refrain from making any such finding in light of the effect it could have on the questions yet to be resolved.

5.

find that because issues of fact remain, appellant's first assignment of error is not well-taken and appellant's second assignment of error is well-taken.

{¶ 10} Based on the foregoing, we find that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this decision. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.    _____
                 JUDGE
Thomas J. Osowik, J.

             _____
Stephen A. Yarbrough, J.     JUDGE
CONCUR.

             _____
                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.